Succession of Bothick.

---

## No. 11,632.

### SUCCESSION OF T. W. BOTHICK.

OPPOSITION TO PROVISIONAL ACCOUNT BY WILLIAM HENRY BOTHICK AND MARY JANE BOTHICK.

An opposition by heirs of deceased to an account of administration is in the nature of an answer. It is not a separate suit that should have been allotted in the Civil District Court.

Having for object a recovery from a third or last community of the deceased father a sum of money due them from the first community as heirs of their deceased mother, their demand is for a settlement and not an independent claim for an entire succession in the sense of the Code.

Viewed in this light, such opposition possesses the characteristics of a personal action, which is prescriptible by ten years from the date the demand of the heirs sprung into existence.

APPEAL from the Civil District Court for the Parish of Orleans.
Ellis, J.

---

James McConnell and Frank L. Richardson for Testamentary Executrix, Appellee.

*J. S. & J. T. Whitaker* and *William T. Houston* for Opponents, Appellants.

The opinion of the court was delivered by

WATKINS, J.   This suit is a supplement of Bothick vs. Bothick, 45 An. 1382, wherein the plaintiffs were recognized as the legitimate issue of a marriage between the deceased and Catherine Connolly; and it is in the exercise of a reserve that is therein contained that it is brought.

The several objects of this suit are as follows:

1. That they are entitled to demand and recover from the estate of their father "one-half of the community" between him and their mother, Catherine Connolly, at the date of her death on the 17th of March, 1866, "its revenues and its price," alleging same to have consisted of certain lots, with their improvements, situated on Rampart and Lafayette streets, in the city of New Orleans, which cost thirty-eight thousand dollars when purchased in 1861, and the net revenues of which aggregate about ten thousand dollars more; but which lots were sold by their father in July, 1862, in effecting a settlement of the second community which existed between him and Ann J. Cunningham, deceased, for seven thousand one hundred and twenty-five dollars, to one-half of which they are entitled with legal interest to the date of their father's death, December 24, 1892.

They further allege that all the debts of said community have long since been paid by the sale of the personal property, and that their mother's interest owes nothing, and is not subject to debts since controlled by their father—though same has never been liquidated and formally settled, he having retained and used same.

2. That their father "could not legally sell or dispose of the one undivided one-half interest of their said mother in said property, to which petitioners are entitled as her sole heirs; and should it appear that an illegal sale or disposition thereof has, at any time, been made by their said father, a resultant trust has been created in their favor in any immovable property since acquired by him by reason of the accession and accumulation of means in his hands resulting from such sale or disposition of said community property enabling him to acquire other property; and that said property, thus acquired, has become the property of petitioners in place of that disposed of or

sold, and their father became their *negotiorum gestor*, or trustee, charged with the return of said property in kind, with its revenues or equivalent in any other immovable estate, * * * unincumbered by any debts created by the said T. W. Bothick since the decease of their mother," etc.

" 3. That all the immovable property inventoried in said succession, and acquired since said date, is subjected and pledged to the payment and satisfaction of their said claim for their one undivided one-half interest in their mother's estate as said partner in community, and for its revenues, in preference to all others who may claim an interest in said succession or in the distribution of its property."

4. That T. W. Bothick died testate on the 24th of December, 1892, making testamentary bequests of the whole of the property of which he was possessed in favor of the widow and the children of the second marriage in certain designated portions; and thereupon they aver and further represent that, " as the children and heirs of the late Thomas W. Bothick, they are entitled to one undivided one-half of his said succession, and they hereby specially accept the same; and they further aver and say that said will, in repudiating and ignoring, as it does, the marriage of said testator with their mother, Catherine Connolly, is false, null and void, and of no effect in law;" and in so far as it deprives them of their *legitime* and bequeaths " two-thirds of the succession to the children named in the will, is also null and void and of no effect, inasmuch as all of said children are illegitimate, having all been born during the existence of the marriage between the said Thomas W. Bothick and Catherine Connolly," etc.

5. That the inventory taken in the succession is incomplete, in that it does not include certain property donated to Olivia T. Tyree during her marriage with the deceased and subject to collation; also certain bonds in the hands of the civil sheriff, and certain other immovable properties.

The answer of the defendant, executrix, is a general denial, coupled with a specific denial of the legitimacy of the plaintiff's heirship, and the existence of *any* valid marriage between the deceased and Catherine Connolly—averring " that, at the time that said marriage was claimed to be in existence with Catherine Connolly, the said Thomas W. Bothick was married and living in marriage publicly with Ann J. Cunningham, the mother of his children."

She further alleges that if the opponents ever had any claim, it is barred by the prescription of four and ten years.

It further alleges that all the property described in opponent's petition was sold in 1882, at public auction, when they were person- ally present in the parish, and cognizant of the sale and made no objection; and that they are therefore estopped from now claiming title to said property.

She further represents that if Thomas W. Bothick was ever mar- ried to Catherine Connolly, that he was again married to Ann Cun- ningham; and again married, after her death, to the respondent; and that whatever rights opponents had, arose at the dates of said marriages, respectively, and that more than ten years have elapsed since the last named marriage, and more than twenty years since the prior marriage with Ann Cunningham.

We have given the details of opponent's demand and of the an- swer of the executrix, as, in our opinion, they furnish their own conclusive answer to most of the questions that are propounded to us.

1. This is manifestly an opposition to an account—an account that is styled in the opponent's brief " a provisional account " of admin- istration.     As such it appertains.to the liquidation and settlement of the debts of and charges against the succession.    An opposition to such an account is in the nature of an answer, and consequently found its proper place in the *mortuaria* of the deceased.    It is not, therefore, as appellee insists, an independent suit which should have been allotted, in the Civil District Court, as a separate and distinct cause of action.

2. Thus deciding produces the further result that this is a claim for settlement of the one undivided one-half of the Connolly commu- nity, which is alleged to have been absorbed into the Cunningham community afterward; and it in  turn by the Tyree community, which is in course of settlement.

True it is that claim is made for an interest in certain real estate, which was acquired during the Connolly community; but, inasmuch as opponents aver that same was sold in the Bothick succession in 1882—a fact that is admitted by the executrix—that question can not be entertained and  settled in the succession, particularly in the ab- sence of the purchasers.

The only matter that is left open, then, is the claim of the opponents

to a proportionate share or interest in the proceeds of such real estate, whatever that may be.

3. Entertaining this view, we are next confronted with the exrcutrix' pleas of four and ten years' prescription.

Viewed as a personal action, opponent's demands are prescribed by ten years; more than that period of time having elapsed since the death of Catherine Connolly on the 17th March, 1866. Revised Civil Code, 3544.

Opponent's contention, on the contrary, is that Revised Civil Code, Art. 3548, which declares that "all actions for immovable property, or for *an entire estate, as a succession, are prescribed by thirty years*," must control. Code of Practice, 12.

But we do not regard this as an action for an entire estate. The allegations we have quoted from the petition of the opponents negative that idea completely. Had it been an action for the recovery of an entire estate or succession, opponents would have commenced a direct against the party in possession, and have made suitable and appropriate averments.

The judge *a quo* sustained the claim of the opponents, in so far as they allege nullity of the will of T. W. Bothick affects their rights as forced heirs, and decreed its nullity *pro tanto;* and reserved all of their rights to participate in the settlement of their deceased father's succession.

We concur with our learned brother of the lower court in his disposition of all questions in the case, except that of prescription, which he appears not to have considered. As that plea is directed against opponent's claim against *both* the Connolly and Cunningham communities, we are of opinion that it is equally good as to the latter, as it was dissolved by Ann J. Cunningham's death on the 24th of July, 1874.

The result of thus ruling is to restrict opponent's claim to the last community, which is now in course of settlement—reserving whatever recourse they may have against the real estate described in the hands of third persons.

It is therefore ordered and decreed that the demands of opponents be restricted to the last or third Bothick community, and that as thus amended the judgment appealed from be affirmed at the costs of opponents, their rights being reserved to make claim, if any they have, to the real estate described in the hands of third persons.

Rehearing refused.